**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| GARIEON J. SIMMONS )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MAYBERRY-BUCKNER ENTERPRISES, )<br>LLC, et al. )<br>)<br>    Defendants. ) | NO. 3:17-cv-0812<br>CHIEF JUDGE CRENSHAW |

## MEMORANDUM OPINION

The Plaintiff, Garieon Simmons, is a pre-trial detainee at the Rutherford County Adult Detention Facility in Murfreesboro, Tennessee. He brings this action *pro se* pursuant to 42 U.S.C. § 1983 against Mayberry-Buckner Enterprises, LLC, d/b/a, the Coffee County Funeral Chapel and the Manchester Funeral Home; Timothy Mark Kilgore, Manager of the Funeral Chapel and Funeral Home; the City of Manchester, Tennessee; Coffee County, Tennessee; and Rutherford County, Tennessee; seeking damages.

On an unspecified date, the Plaintiff stole a 2003 Cadillac Escalade belonging to Mayberry-Buckner Enterprises. (Doc. No. 1 at 6). The defendant, Timothy Kilgore, while "impersonating a police officer," pursued the Plaintiff driving the stolen vehicle. (*Id.* at 9). A member of the Rutherford County Sheriff's Office joined in the pursuit. (*Id.* at 11). The chase tragically ended in a fatal collision that cost a woman her life. (*Id.* at 8, 11). The Plaintiff claims that the defendants were negligent in their pursuit of him. (*Id.* at 10).

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that the defendants,

1

while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Negligent conduct is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 429 U.S. 97, 104 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 475 U.S. 312, 319 (1986) (Eighth Amendment) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause"); Daniels v. Williams, 474 U.S. 327, 333 (1986) (Fourteenth Amendment). Thus, the Plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE